PER CURIAM.
Respondents (Skelton) commenced a medical malpractice action against the petitioner and the other respondents herein. The respondent, Dr. Coira, propounded interrogatories requesting collateral source information. Respondents (Skelton) objected to such interrogatories on the grounds that same was unconstitutional and deprived the respondents of due process. The trial court declared Section 768.50, Florida Statutes (1979) to be unconstitutional as depriving respondents of due process, and sustained respondents’ objections to subject interrogatories. Petitioner seeks review of that order via certiorari.[1]
We quash the order under review under the reasoning of the decision of the Supreme Court of Florida in Pinillos v. Cedars of Lebanon Hospital Corporation, 403 So.2d 365 (Fla.1981), 1981, holding Section 768.50, Florida Statutes (1979)[2] constitutional.

. This opinion is not to be construed as an open invitation to file petitions for certiorari when a trial court has held a statute unconstitutional prior to a final determination. In our discretion we entertain this petition because the impact of the trial court’s order, if not reviewed until after final judgment, prohibits certain discovery which the Supreme Court has approved.

. We note that this decision was rendered after the trial court entered the order under review in this case.